LAWRENCE H. JONES, Appellant, *v.* LLOYD C. GOODEN, Respondent.

Supreme Court, Appellate Term, First Department, December 18, 1925.

Physicians and surgeons — principal and agent — action for value of dental services — defendant not aware that person with whom he contracted, and who performed services, was mere employee of plaintiff — plaintiff entitled to recover either as assignee or undisclosed principal.

In an action for the reasonable value of dental services rendered to the defendant, in which it appears that the defendant, at the time he arranged for the services, was not aware that the person with whom he made the contract and who performed the services was a mere employee of the plaintiff, the latter is entitled to recover the consideration earned, either as an assignee or as an undisclosed principal.

The rule, that the right of an undisclosed principal to enforce a contract does not exist where a personal trust or confidence is reposed by the other party in the agent who contracted in his own name, does not apply when the only part of such contract not yet performed consists of the obligation to pay for the services rendered.

APPEAL by the plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, dismissing complaint at the close of plaintiff's case.

*C. Parker Lattin*, for the appellant.

*Yankauer & Davidson* [*Leo Wechsler* of counsel], for the respondent.

LEVY, J.   This action was brought by the plaintiff for the reasonable value of dental services rendered to the defendant.   It seems that the latter came to Dr. Corby, a licensed dentist, whose office was with the plaintiff, also of that profession.   Dr. Corby, the only witness in the case, testified that he was employed by Dr. Jones, the plaintiff, on a salary basis; that all the work except such as was then performed in the laboratory, was done by him.   There was no dispute that the defendant was not aware that Dr. Corby was a mere employee of Dr. Jones, nor that the former did all the professional work for the latter.

The learned court erred, however, in dismissing the complaint on the ground that there was no hiring of the plaintiff by the defendant.   In doing so it was apparently misled by the false analogy of the non-assignability of personal service contracts.   There is no doubt whatever but that the defendant could have refused to permit Dr. Jones to substitute himself for Dr. Corby in the performance of the professional services while the work was in progress, but when it was entirely completed the duty of the defendant to pay for the professional labor was not one involving the discharge of personal service but one which could be enforced by any person to whom the right to receive this pay had been assigned.   Whether we view the plaintiff as Dr. Corby's assignee or as his undisclosed principal, his right to recover the consideration earned for the fully executed contract seems beyond doubt.   The defendant cites the case of *Moore* v. *Vulcanite Portland Cement Co.* (121 App. Div. 667) in his effort to prove that the right of an undisclosed principal to enforce a contract does not exist where a personal trust or confidence is reposed by the other party in the agent who contracted in his own name.   In that case, however, the contract was still in course of performance when the objection was made by the defendant and the latter had expressly stipulated that the party with whom it contracted should be the principal and no one else should be interested therein.   The general rule, as pointed out in that very case, is based upon the principle illustrated in *Arkansas Smelting Co.* v. *Belden Mining Co.* (127 U. S. 379), where Mr. Justice GRAY said: " But every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him, without his consent."   The reason for the rule emphasizes the fact that this exception to the right of the undisclosed principal to claim the benefits of a given contract does not apply when the

only part of such contract not yet performed consists only of the obligation to pay the money for the services rendered.

The judgment is, therefore, reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, Bijur, Levy and Churchill, JJ.